UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SUSAN ELIZABETH SEDILLO,                                                            No. 14-10310

                Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

       In 2006, debtor Susan Sedillo obtained a home equity loan from creditor Anheuser-Busch Credit Union ("ABCU") using a materially false application. Sedillo falsely represented that there were no senior liens on her property at 106 Clearwater Court, Napa, California, and that title was clear. In fact, the property was encumbered by a deed of trust securing a note payable to the Rehmke Family Trust, a family trust established by Sedillo's parents. Sedillo is the sole beneficiary of the trust upon the death of her parents.

       On October 22, 2012, Sedillo and her husband filed a joint Chapter 7 petition. They scheduled the Rehmke Family Trust as the senior lien for $150,000.00, with ABCU in junior position. Sedillo and her husband were duly discharged and the case was closed on April 25, 2013.

       On March 1, 2014, Sedillo filed this Chapter 13 case using the same attorney as the prior Chapter 7 case. She scheduled the secured claim of the Rehmke Family Trust as being $196,000.00 and the claim of ABCU at $88,209.00. Sedillo scheduled the value of the property at $119,000.00. Although she has take-home pay of $3,381.00 per month, Sedillo has filed a Chapter 13 plan which

1

calls for payments of only $225.00 per month for 60 months. These payments are sufficient to pay her attorneys' fees and some delinquent property taxes, nothing more. The dividend to unsecured creditors is to be zero, and the lien of ABCU is to be stripped off. ABCU objects, arguing that Sedillo did not establish that her plan was filed in good faith as required by § 1325(a)(3) of the Bankruptcy Code. The court agrees.

First, the court notes that Sedillo has calculated her available income for plan purposes at just $225.00 per month by asserting that she must pay $2,300.00 per month to the Rehmke Family Trust. However, it is clear from her testimony and the increasing size of her obligation over time that she does not actually make these payments. She is merely using this theoretical obligation to reduce her supposed available income.

More fundamentally, Sedillo has not met her burden of showing that she is not attempting to unfairly manipulate the Bankruptcy Code to her advantage. If Sedillo had filed a Chapter 13 instead of a Chapter 7 in 2012 - when her household income was higher than it is now - and sought to strip ABCU's lien at that time, ABCU would have certainly have objected to the dischargeability of its debt. By filing a Chapter 7 first (thereby discharging her personal liability to ABCU while leaving its lien intact), waiting a short period of time and then filing this Chapter 13, Sedillo effectively avoided dischargeability litigation.

Most courts permit a mortgage lien to be stripped in a "Chapter 20" case, so long as all of the requirements of § 1325(a), including the requirement of good faith set forth in § 1325(a)(3), are met. *In re Scantling,* 754 F.3d 1323, 1329 (11th Cir.2014); *In re Davis,* 716 F.3d 331, 338 (4th Cir. 2013)("[B]ankruptcy courts are bound to carefully scrutinize filings for good faith and dismiss cases where the debtor attempts to use a Chapter 20 procedure solely to strip off a lien."); *In re Tran,* 431 B.R. 230, 237 (Bkrtcy.N.D.Cal.2010) aff'd 814 F.Supp.2d 946 (N.D. Cal. 2011)[Confirmation denied where debtor "filed this case solely for purposes of avoiding the second deed of trust under circumstances where such avoidance was not available to her in chapter 7, and where no independent reason exists for her subsequent chapter 13 filing."). Resolution of the case therefore requires a good

faith analysis, which is done on a case-by case basis considering all the facts and circumstances. *In re Goeb,* 675 F.2d 1386, 1390 (9th Cir. 1982); *In re Lepe*, 470 B.R. 851, 856 (9th Cir. BAP 2012).

      Sedillo has failed to convince the court of her good faith. Not only was her Chapter 13 filed barely ten months after her Chapter 7, but she used the same bankruptcy lawyer. This is a strong indication that she intended from the beginning to manipulate the Bankruptcy Code. Her sole real purpose in filing this case was to strip off ABCU's lien; her plan only proposes to pay her attorney and a few thousand dollars in property taxes, in all probability intentionally left unpaid in order to create a justification for the case. The court does not find credible Sedillo's argument that this case was filed due to her separation from her husband and was not contemplated when she filed her first case. Moreover, her false loan application is a factor which the court can consider in totality with all other factors in assessing good faith, even if Sedillo might have had a defense to a dischargeability action.

      For the foregoing reasons, ABCU's objection to confirmation of Sedillo's plan will be sustained and her motion to avoid ABCU's lien will be denied. Counsel for ABCU shall submit an appropriate form of order.

      The court will give Sedillo one further opportunity to propose a plan which is acceptable to ABCU before dismissing her case.

Dated: January 20, 2015

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge